NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUISA BACA-BACA; JOAN ENRIQUE MARTINEZ-BACA,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-71793<br><br>Agency Nos. A208-980-041<br>A208-980-040<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020**
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and CHEN,*** District Judge.

Luisa Baca-Baca ("Baca-Baca") and her 15-year-old son Joan Enrique

Martinez-Baca ("Joan"), citizens and natives of Honduras, petition for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

the Board of Immigration Appeals' ("BIA") denial of their appeal from the Immigration Judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Baca-Baca testified that she was in a 33-year relationship with Oswaldo Martinez ("Oswaldo"), who physically and emotionally abused her and sexually assaulted her. In March 2016, the Mara 18 gang beat Joan and threatened to kill him and his mother after he resisted their efforts to recruit him. Baca-Baca took Joan to the United States, where they were charged with removability as aliens present in the United States without having been admitted or paroled. The IJ denied their applications for asylum and withholding of removal, citing a partial adverse credibility determination, Baca-Baca's failure to establish a nexus to a protected group, and Joan's failure to show that his proposed social group was distinct. The IJ further denied their application for protection under the Convention Against Torture ("CAT"). The BIA affirmed, denying Baca-Baca and Joan's request for humanitarian asylum as well.

Substantial evidence supports the credibility determination. *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). The IJ based his adverse credibility determination on relevant factors, including Baca-Baca's demeanor and inconsistencies between her oral and written statements. 8 U.S.C. § 1158(b)(1)(B)(iii). Baca-Baca's failure to remember whether Oswaldo resumed

2

the abuse within a matter of days or years after his arrest could not be excused by "the normal limits of human understanding and memory." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). Furthermore, the IJ determined that Baca-Baca was "unduly nervous," and that she testified in a "rather hurried and agitated way," speaking before the translation was completed. We afford credibility determinations based on an applicant's demeanor "special deference." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (citation omitted). Baca-Baca's argument that she only spoke before the translation was completed three times does not compel the opposite conclusion.

In addition, Baca-Baca has not established a due process claim. The IJ properly gave Baca-Baca the opportunity to explain the inconsistencies during the June 19, 2017 hearing on direct and cross-examination, and the IJ reasonably concluded that Baca-Baca did not "offer[] a reasonable and plausible explanation for the apparent discrepancy." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2010) (quoting *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009)).

Nor has Baca-Baca established a nexus to a protected ground. Substantial evidence supports the BIA's determination that Baca-Baca was not a member of the social group "Honduran women in domestic relationships who are unable to leave the relationship" because she successfully left when she went to stay with her mother. Regarding the other proposed social groups, Baca-Baca's opening brief

did not support these issues with argument, so they are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

Likewise, substantial evidence supports the BIA's conclusion that Joan did not show that the proposed group "Honduran boys who have resisted recruitment by the Mara 18 gang" was socially distinct. "[A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) (footnote omitted) (quoting *Matter of M-E-V-G-*, 26 I.&N. Dec. 227, 237 (BIA 2014)). The background evidence Joan cited before the IJ suggests that Honduran boys are attacked for refusing to join gangs but does not show that Honduran society generally recognizes them as a distinct group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020).

Substantial evidence also supports the BIA's determination that Baca-Baca and Joan did not establish a clear probability of torture by or with the acquiescence or willful blindness of a government official under the CAT. The IJ properly considered the portions of the testimony deemed to be credible as well as background evidence as required. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010). Joan and Baca-Baca point to no evidence that would compel

4

the panel to conclude that they would, more likely than not, be subject to torture on return to Honduras. *Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019); 8 C.F.R. § 208.18(a)(1).

Finally, the BIA concluded that Baca-Baca and Joan were not eligible for humanitarian asylum because they failed to establish past persecution. To qualify for a discretionary grant of humanitarian asylum, petitioners must establish past persecution on account of a protected ground. 8 C.F.R. § 1208.13(b)(1)(iii)(A), (B). Because substantial evidence supports the BIA's conclusion that Baca-Baca did not establish a nexus between the alleged persecution and her social group, and that Joan did not establish that his proposed group was distinct, Petitioners necessarily could not show past persecution on account of their membership in those groups.

**PETITION DENIED.**